UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAUREN ASHLEY MOSES,<br><br>   Plaintiff,<br><br>v.<br><br>U. S. DEPARTMENT OF THE AIR FORCE,<br><br>   Defendant. | Civil Action No. 23-3239 (DLF) |

**CONSENT MOTION FOR LEAVE TO FILE MOTION FOR ENLARGEMENT**

  Pursuant to Fed. R. Civ. P. 6(b)(1)(b) of the Federal Rules of Civil Procedure, Defendant, the U. S. Department of the Air Force ("Defendant"), by and through undersigned counsel, respectfully moves for leave to request an enlargement of time up to and including February 12, 2024, to file an appropriate response to Plaintiff's Complaint (ECF No. 1).  The Answer was due on January 8, 2024.  In support of this motion, Defendant states as follows:

  1. Due to the press of work, undersigned counsel inadvertently failed to file a motion to extend time before the due date of the answer.  Upon reviewing her case load, she realized that she had never contacted Plaintiff's counsel to confer regarding an extension of time to file an answer.  Undersigned sincerely apologizes to the Court and Plaintiff.

  2. Federal Rule of Civil Procedure 6(b)(1) states "when an act may or must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect."  It is within the Court's jurisdiction to determine whether attorney error may constitute excusable neglect.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*. 507 U.S. 380 (1993).  The Supreme Court has set forth a four-factor test to determine whether excusable neglect exists, namely: (1) danger of

prejudice to opposing party; (2) length of delay and potential impact on judicial proceedings; (3) the reason for delay; and (4) whether the movant acted in good faith.  *Id*. at 395.  *See also In re Vitamins Antitrust Class Actions*, 327 F.3d 1207 (D.C. Cir 2003); *Yesudian v. Howard University*, 270 F.3d 969 (D.C. Cir. 2001).  Here, there is no prejudice to Plaintiff, the length of delay is minimal and does not impact on judicial proceedings.  Further, there is no evidence of bad faith.  The late filing was not done for purposes of delay.

      3.     Pursuant to Local Civil Rule 7(m), undersigned counsel conferred with Plaintiff's counsel and there is no opposition to this request.

Wherefore Defendant respectfully requests the Court grant this consent motion.

Dated: January 12, 2023
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____/s/_____
PATRICIA K. MCBRIDE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-7123

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAUREN ASHLEY MOSES,<br><br>Plaintiff,<br><br>v.<br><br>U. S. DEPARTMENT OF THE AIR FORCE,<br><br>Defendant. | Civil Action No. 23-3239 (DLF) |

## **[PROPOSED] ORDER**

UPON CONSIDERATION of the Defendant's Consent Motion for Leave to file an Extension of Time, and for good cause shown, it is hereby:

ORDERED that the motion is GRANTED.  It is further ORDERED that Defendant's Answer to Plaintiff's Complaint is due on or before February 12, 2024.

SIGNED:

_____          _____

Date                                                      United States District Judge